# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IELIOT JACKSON-EL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 5711 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF MARKHAM and MARKHAM | ) | |
| OFFICERS M. CAREY, ANDERL, | ) | |
| JAGER and JOHNSTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 21, 2019, ten days before the close of fact discovery, the defendants filed two motions: a motion to compel responses to Interrogatories 12 and 13, and production of documents responsive to Requests 6, 8, and 9 [Dkt. # 57, ¶¶ 14, 15]; and a motion to extend the discovery deadline of November 1st for 90 days, to February 1st. [Dkt. #58]. As to the motion to compel [Dkt. # 57], that motion is denied as the parties have not met and conferred as required by Local Rule 37.2. Defendants tell the court that, over the course of a month, for September 9th to October 7th, the parties exchanged 4 emails. [Dkt. # 57, Pars. 8-11]. The Local Rule specifically requires "consultation in person or by telephone . . . ." N.D.Ill. Local Rule 37.2. If that were not enough, case after case makes clear that as significant as emails are for evidentiary purposes, *BankDirect Capital Fin., LLC v. Capital Premium Finance, Inc.*, 2018 WL 1616725 at *10 (N.D.Ill. 2018), for purposes of Rule 37.2, emails do not count. *See BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 343 F. Supp. 3d 742, 744 (N.D. Ill. 2018)(collecting cases).

The reasons for this requirement are manifold, but one it highlighted by the defendants' other motion, their motion for an extension of the discovery deadlines. Defendants received plaintiff's discovery responses on August 26, 2019. After two weeks went by, defendants emailed plaintiff to express their displeasure with 4 of the plaintiff's interrogatory responses. [Dkt. #57-2]. Another week went by before plaintiff emailed a response, supplemented his answers. [Dkt. #57-3]. On September 19th, defendants emailed plaintiff to express displeasure with six of plaintiff's response to defendants' requests for documents. [Dkt. #57-1]. More than two weeks then went by before plaintiff supplemented his responses, although issues as to a handful of interrogatories and document requests remained. [Dkt. #57-6]. After two more weeks passed, defendants filed their motion to compel.

Letters and emails are easily and unfortunately too often ignored. *See Geraci v. Andrews*, 2017 WL 1822290, at *1 (N.D. Ill. May 5, 2017); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. July 29, 2016); *Slaven v. Great Am. Ins. Co.*, 2014 WL 4470723, at *2 (N.D. Ill. Sept. 11, 2014); *O'Toole v. Sears, Roebuck & Co.*, 302 F.R.D. 490, 491 (N.D. Ill. 2014). What could have been addressed in one or perhaps two meetings over the course of a week or two, took a month and a half. All with the discovery deadline looming ever closer. Unfortunately, this sort of behavior is all too common in the context of discovery. Little wonder that "discovery, [is] the bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000). We "'must be mindful of the realities of modern litigation. Pre-trial discovery under modern federal practice has become a monster on the loose .... Pre-trial proceedings have become more costly and important than trials themselves.'" *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986).

That provides a segue to defendants' motion for a *ninety-day* extension of the discovery deadlines. Defendants submit that, pursuant to Fed.R.Civ.P. 16(b), there is good cause for the

extension, that they have diligently attempted to meet the deadline, and their failure to do so was through no fault of their own. *See, e.g., Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016)(good cause requirement for modification of schedule is "a standard that 'primarily considers the diligence of the party seeking amendment.'"); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)("In making a Rule 16 (b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment."). But defendants "offer[] an insufficiently robust explanation of why [t]he[y] w[ere] diligent." *Alioto*, 651 F.3d at 720. As already noted, they spent several weeks exchanging emails about a handful of discovery responses. Defendants tell the court that, as of October 21st, a little more than a week before the discovery deadline, "none of the parties or witnesses have been deposed and there are no depositions scheduled." [Dkt. #58, Par. 11]. According to the parties' emails, as September 9th, defendants's counsel had done no more than "reach out to all three officers to determine their availability." [Dkt. #57-2]. Plaintiff's counsel was not much more impressive in terms of diligence. It was already September 16th when he wrote:"we have about two weeks until discovery closes. Accordingly, please see attached notice of depositions for defendant officers. Additionally, please let me know what date you would like to take Plaintiff." [Dkt. #57-3]. Plaintiff's counsel didn't even know what the schedule was; the lawyers actually had six weeks at the time of his email.

In the context of the law, diligence is not in the eye of the beholder. At least it is not determined by one's perception. Discovery began a year ago. [Dkt. 22]. Fact discovery was originally set to close, by agreement of the parties, on April 5, 2019. [Dkt. ##25, 28]. On April 9, 2019 – 4 days after discovery ought to have closed – defendants were given an extension of the deadline to September 1, 2019. [Dkt. #44]. On July 11, 2019, the defendants were granted another extension,

3

this time until November 1, 2019. [Dkt. #55]. Even if a few interrogatory and document production disputes remain, deposition dates can be set. While it is unacceptable to paint a court into a corner as the parties have here, because they have done absolutely nothing about depositions, clearly there must be some extension. Based on the email exchange, the defendant appeared to think that depositions could be scheduled and completed in six weeks – between September 16th and November 1st. [Dkt. # 57-3]. Accordingly, that is all the additional time the parties shall be allowed. All discovery shall close on December 13, 2019. There shall be no further extensions. Parties are reminded of Local Rule 16.1 (4)("Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order.").

A hearing on the motions is presently set for 10/24/19. In light of the timing of this Opinion, no appearance will be necessary on 10/24/19. Additionally, the status hearing presently set for 11/5/19 is rescheduled to 12/17/19 at 8:30 a.m.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/23/19